**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4017**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DENNIS DARNELL BOWERS, JR.,

    Defendant - Appellant.

———————

**No. 13-4106**

———————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

DENNIS DARNELL BOWERS, JR., a/k/a Diggs, a/k/a D.I.,

    Defendant - Appellant.

———————

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:11-cr-00297-WO-1; 1:12-cr-00257-WO-1)

———————

Submitted: September 10, 2013   Decided: October 3, 2013

———————

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

---

Marilyn G. Ozer, MASSENGALE & OZER, Chapel Hill, North Carolina, for Appellant. Ripley Rand, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Dennis Darnell Bowers, Jr. appeals the district court's judgments revoking his supervised release and imposing consecutive prison sentences after he admitted violating the conditions of his supervised release and pled guilty to being a felon in possession of a firearm. On appeal, Bowers contends that the district court abused its discretion in sentencing him by relying on an erroneous fact in the presentence report, and his trial attorney was ineffective in failing to correct the error. We affirm.

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless the defendant first brought the error to the trial court's attention." Henderson v. United States, 133 S. Ct. 1121, 1124 (2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an exception to the normal rule, providing "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

Because Bowers did not object to the presentence report error in the district court, we review the first issue for plain error. See United States v. Carthorne, __ F.3d __, 2013 WL 4056052, at *3 (4th Cir. Aug. 8, 2013). To establish plain error, Bowers must show: (1) that an error was made; (2)

3

that the error was plain; and (3) that the error affected his substantial rights. See id. (citing Henderson, 133 S. Ct. at 1126; Olano, 507 U.S. at 732-35). If he makes this showing, the decision to correct the error remains within our discretion, and we will exercise that discretion only if the error would result in a miscarriage of justice or would otherwise seriously affect the fairness, integrity, or public reputation of judicial proceedings. Id. (citations and quotation marks omitted).

"An error affected a defendant's substantial rights if the error affected the outcome of the district court proceedings." United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010) (citations and internal quotation marks omitted). "To satisfy this requirement in the sentencing context, the defendant must show that he would have received a lower sentence had the error not occurred." Id. (citations omitted). This "means that there must be a nonspeculative basis in the record to conclude that the district court would have imposed a lower sentence but for the error." Id. at 179-80.

We have reviewed the record and the parties' briefs, and we conclude that Bowers has not made the requisite showing. He has not shown any nonspeculative basis in the record to conclude that the district court would have imposed a lower sentence but for the presentence report error. We further conclude that Bowers may not raise his second issue on direct

4

appeal, because the record does not conclusively show his trial counsel was ineffective.  See United States v. Powell, 680 F.3d 350, 359 (4th Cir.), cert. denied, 133 S. Ct. 376 (2012).

We therefore affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED